IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**SERENITY LANE**, an Oregon corporation,

    Plaintiff,

v.

**NETSMART TECHNOLOGIES, INC.**, a Delaware corporation, and **SEQUEST TECHNOLOGIES, INC.**, an Illinois corporation,

    Defendants.

_____

**Civ. No. 6:14-cv-00038-TC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Serenity Lane (Serenity) brings this action seeking damages for an alleged breach of an agreement between Serenity and Sequest Technologies, Inc. (Sequest),[1] in which Sequest agreed to provide Serenity with customized Totally Integrated Electronic Medical Record (TIER) software. Defendants filed a motion to dismiss under FRCP 12(b)(6), which was treated as motion for summary judgment under Rule 56. *See* FRCP 12(d).[2] Defendants also filed a motion to determine the sufficiency of plaintiff's answers to requests for admissions. Magistrate Judge Thomas M. Coffin issued a Findings and Recommendation (F&R) on May 5, 2015, in which he recommended that this Court grant in part and deny in part defendants' motion to dismiss, but deny defendants' motion to determine sufficiency of plaintiff's answers to

---

[1] Sequest was subsequently acquired by Netsmart Technologies, Inc.
[2] FRCP 12(d) provides, in relevant part: "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

1 – OPINION AND ORDER

requests for admissions. The matter is now before this Court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

This Court reviews all portions of the F&R subject to objection *de novo*. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Machs. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Plaintiff timely filed an objection. Upon review, this Court finds no error in Judge Coffin's F&R, ECF No. 59.

As indicated in the F&R, the threshold issue is whether "delivery and receipt" of "TIER® Software Product" occurred under the Software License Contract (Contract). Interpretation of a contract is a question of law, and this Court's task is to ascertain the intention of the parties to the contract. *See James v. Clackamas Cnty.*, 353 Or. 431, 441 (2013) (citing *Anderson v. Jensen Racing, Inc.*, 324 Or. 570, 575–76 (1997)). This Court first considers "the text of the contractual provision at issue, in the context of the contract as a whole." *Id.* (citing *Yogman v. Parrott*, 325 Or. 358, 361 (1997) (en banc)). If the provision is clear, the analysis ends. *Yogman*, 325 Or. at 361. If the provision is ambiguous, then this Court next examines extrinsic evidence of the contracting parties' intent. *Id.* at 363. If ambiguity remains after such examination, this Court relies on "appropriate maxims of construction." *Id.* at 364.

The contract provides, in relevant part:

> 1.2 **TIER® Software Product**. The TIER® Software Product includes any and all Sequest computer software, the associated media, any printed materials and any "online" or electronic documentation.
>
> . . .
>
> 1.5 **Acceptance**. Upon delivery and receipt of the TIER® Software Product, Client agrees to be bound by this Contract and accept the TIER® Software Product subject to the Limited Warranty provisions.
>
> . . .

> 2.2 Upon Delivery. Upon delivery Client is provided 60 days for acceptance testing. Following this period final invoice will be submitted and subsequent work may be billed at a Time and Material rate.

Decl. of Andrea D. Coit 2, 14, ECF No. 45-4 (emphasis in original). Plaintiff disputes whether "delivery and receipt" of "TIER® Software Product" occurred under § 1.5. This Court turns first to the text and context of the disputed provision. *See Yogman*, 325 Or. at 361.

The contract does not define either "delivery" or "receipt." The noun "delivery" is defined as "[t]he act of transferring to another." *The American Heritage Dictionary of the English Language* 481 (4th ed. 2000); *see also The Oxford English Dictionary* vol. IV, 424 (2d ed. 2001) ("The formal . . . handing over of anything to another; *esp*. the putting of property into the legal possession of another person."). The noun "receipt" is defined as "[t]he act of receiving." *The American Heritage Dictionary of the English Language* 1458 (4th ed.2000); *see also The Oxford English Dictionary* vol. XIII, 313 (2d ed. 2001) ("The act of receiving something given or handed to one. . . ."). The verb "receive" is defined as "[t]o take or acquire (something given, offered, or transmitted)." *The American Heritage Dictionary of the English Language* 1458 (4th ed. 2000); *The Oxford English Dictionary* vol. XIII, 314 (2d ed. 2001) ("To take . . . into one's possession. . . ."). Combined, these definitions invoke contractual coverage if "TIER® Software Product" is transferred to and taken into possession by Serenity.

"TIER® Software Product," as defined in § 1.2, is broad and includes "*any* and all Sequest computer software, the associated media, any printed materials and any 'online' or electronic documentation." Decl. of Andrea D. Coit 2, ECF No. 45-4 (emphasis added). As noted by Judge Coffin, "the record reveals that defendant delivered at least some version of TIER software product to plaintiff and that plaintiff installed that version of TIER software on over 75

3 – OPINION AND ORDER

machines it owned, controlled, or leased." F&R 7, ECF No. 59 (citation omitted); *see also* Decl. of Andrea D. Coit 5, ECF No. 45-3 ("identified employees . . . imported, downloaded, or installed the 'base demonstration product' or components of the TIER software" on "any computer equipment or device owned, leased or controlled by Serenity Lane."); Supplemental Decl. Andrea D. Coit 4, ECF No. 54-3 ("Admit that a 'base demonstration product' was installed on computer equipment owned by Serenity Lane during 2007."). As a result, there is no question of fact regarding whether "TIER® Software Product" was transferred to and taken into possession by Serenity. *See* F&R 7–8, ECF No. 59.[3]

## CONCLUSION

This Court ADOPTS Judge Coffin's F&R, ECF No. 59, in full. Accordingly, defendant's motion to dismiss, ECF No. 44, is GRANTED IN PART and DENIED IN PART, and defendant's motion to determine the sufficiency of plaintiff's answers to requests for admissions, ECF No. 51, is DENIED. It is hereby ordered:

> **1.** Plaintiff's first, second, and third claims for relief are dismissed with prejudice, and
>
> **2.** Plaintiff's claim for prejudgment interest in its fourth claim for relief is stricken.

IT IS SO ORDERED.

---

[3] Plaintiff's reliance on § 2.2 is neither persuasive nor reasonable. *See* Pl.'s Resp. Mot. Dismiss 11, ECF No. 48 ("[T]his section makes clear that acceptance is contingent upon the client being satisfied with the testing of the Product."); Pl.'s Objections to F&R 8, ECF No. 61 ("[W]hen the contract is read as a whole, the term 'accepted' is expanded upon in other sections."). § 2.2, which is included under "**IV. Pricing and Payment Schedule**," and subsection "**Estimate for Services Days**," has little bearing on this Court's interpretation of "delivery and receipt" under § 1.5. To the extent that § 2.2 provides Serenity with a sixty day period for "acceptance testing," such a period falls *after* delivery has taken place and the contract has taken effect. *See The Oxford English Dictionary* vol. XIX, 301 (2d ed. 2001) (defining the preposition "upon" as "[i]mmediately after; following on").

4 – OPINION AND ORDER

DATED this 22nd day of June, 2015.

_____
**Michael J. McShane**
**United States District Judge**

5 – OPINION AND ORDER