# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

SERENITY LANE, an Oregon corporation

Plaintiff,

v.

NETSMART TECHNOLOGIES, INC.,
a Delaware corporation; and SEQUEST
TECHNOLOGIES, Inc., an Illinois corporation,

Defendants.

Civ. No. 6:14-cv-00038-TC

FINDINGS AND
RECOMMENDATION

COFFIN, Magistrate Judge:

Defendants, Netsmart Technologies, Inc. (Netsmart), and Sequest Technologies, Inc. (Sequest), move the court for an order to dismiss the first claim brought against them in plaintiff, Serenity Lane's, First Amended Complaint. Having considered the motions and related materials, defendants' motion (Doc. 70) should be granted.

## BACKGROUND

The underlying dispute in this case arose out of an agreement between plaintiff and Sequest, whereby Sequest agreed to provide plaintiff with totally integrated electronic medical record (TIER) software customized for plaintiff's use. Pl.'s Compl., 2. Sequest was then

1 – FINDINGS AND RECOMMENDATION

acquired by Netsmart in October 2011. *Id.* Plaintiff alleges that it paid defendants $518,308.41 for the development, licenses, and customization of the TIER software and that defendants breached the agreement by failing to deliver the TIER software. *Id.* On January 8, 2014, plaintiff filed a complaint with this court stating that defendants now owe it the obligations of Sequest under the agreement. Pl.'s Compl., 2. Plaintiff's complaint made four claims for relief.

Plaintiff's first claim for relief sought damages of $518,308.41 for the TIER software it claims was never delivered, $654,242 for time it spent performing its obligations under the agreement, $147,937.61 for computer hardware purchases that became obsolete or unusable as the result of defendants' alleged failure to deliver the software, and prejudgment interest. *Id.* at 3. Plaintiff's second claim asserted that defendants violated the Uniform Commercial Code (UCC). *Id.* Plaintiff's third claim sought a declaration from this court stating that it was not bound to the 2006 contract because the TIER software was never delivered or received. *Id.* at 4. Plaintiff's fourth claim asserted that in the alternative, if the court declared that it was bound to the contract, pursuant to the terms of the contract, the TIER software was not subject to repair or replacement and defendants were, therefore, obligated to refund the amount plaintiff paid them for the TIER software in the sum of $518,308.41, plus prejudgment interest. *Id.* at 5.

In response to plaintiff's complaint, defendants filed a Motion to Dismiss (Doc. 32) on May 15, 2014, followed by a Renewed Motion to Dismiss (Doc. 44) on January 15, 2015, to which this court entered its Findings and Recommendation on May 15, 2015, recommending that defendants' motion be granted in part and denied in part. Doc. 59 at 1. Specifically, this court found that: (1) the 2006 contract is binding on both parties; (2) the UCC does not apply; (3) Illinois law governs all questions regarding the validity and operation of the contract; and (4) plaintiff's claims for incidental and consequential damages, as well as prejudgment interest,

2 – FINDINGS AND RECOMMENDATION

should be dismissed. *Id.* at 8, 19-20. In sum, this court found that plaintiff's first, second, and third claims, as well as its demand for prejudgment interest in its fourth claim, should be dismissed. *Id.* at 19-20. On June 22, 2015, District Judge Michael McShane adopted this court's Findings and Recommendation in full. Doc. 63.

Plaintiff filed its First Amended Complaint (Doc. 68) on September 1, 2015 asserting two claims against defendants. Plaintiff's first claim seeks rescission of the contract and damages of $518,308.41 for money it paid to defendants, $654,242 for time spent performing its obligations under the contract, $147,937.61 for computer hardware purchases that became obsolete or unusable as the result of the "frustration of the contract's primary purpose," and interest of $129.58 per day. Pl.'s First Am. Compl. 3. Plaintiff's second claim, which is brought in the alternative, is for breach of contract and seeks $518,308.41 in damages, plus costs and disbursements. *Id.* at 3-4. On September 18, 2015, defendants moved to dismiss the first claim from plaintiff's First Amended Complaint. Def.s' Mot. to Dismiss Pl.'s First. Am. Compl. 2.

## STANDARD OF REVIEW

Where a plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed.R.Civ.P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters,* 719 F.2d 1422, 1424 (9th Cir.1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its

3 – FINDINGS AND RECOMMENDATION

legal conclusions. *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir.2011), *cert. denied,* 132 S.Ct. 2101 (2012).

## DISCUSSION

Defendants move the court to dismiss the first claim for rescission of contract from Plaintiff's First Amended Complaint. Defs.' Mot. to Dismiss Pl.'s First. Am. Compl. 2. Defendants also argue that "the Declaration of Erin Gould, the e-mails attached thereto, and all references to the same in plaintiff's response should be stricken" because the submission of such evidence is improper in a response to a Rule 12(b)(6) motion to dismiss and also because the documents are not relevant to plaintiff's complaint. *Id.* at 3. Finally, defendants argue that Illinois law, rather than Oregon law, applies to plaintiff's first claim. *Id.* at 5-6.

## I.   Preliminary matters

Two issues merit clarification before the court reaches the substantive merits of defendants' motion.

### A. Declaration of Erin Gould and the Exhibits Attached Thereto

In support of its Opposition to Defendants' Motion to Dismiss (Doc. 71), plaintiff submitted a declaration from its attorney, Erin Gould, as well as two exhibits containing email correspondence and project status reports that were reportedly obtained during discovery. Decl. of Erin Gould in Supp. of Pl.'s Mem. In Opp'n to Defs.' Mot. to Dismiss Pl.'s First. Am. Compl. 1-18. Moreover, plaintiff made multiple references to the 2006 contract in its First Amended Complaint. Pl.'s First Am. Compl. ¶¶ 6-7, 9-20.

"Generally, a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion." *Intri-Pix Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). However, "while district courts generally may not consider any material beyond

4 – FINDINGS AND RECOMMENDATION

the pleadings in ruling on a Rule 12(b)(6) motion, they may take judicial notice of documents referenced in the complaint, pleadings from other relevant proceedings, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment." *Elizabeth Retail Properties, LLC, v. KeyBank Nat. Ass'n*, 83 F. Supp. 3d 972, 984 (D. Or. 2015). Moreover, the Ninth Circuit has "extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question, and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

Here, the evidence plaintiff submitted as attachments to the Declaration of Erin Gould was not referenced or relied upon in its First Amended Complaint. Moreover, defendants dispute the relevance of such evidence. Accordingly, this court does not consider the Declaration of Erin Gould or the exhibits attached thereto in considering defendants' motion to dismiss plaintiff's first claim. *Coto Settlement*, 593 F.3d at 1038; *Elizabeth Retail Properties, LLC,* 83 F. Supp. 3d at 984. The court, however, takes judicial notice of the 2006 contract, which was repeatedly referenced throughout plaintiff's First Amended Complaint and the relevance and authenticity of which, is not contested by defendant. *Elizabeth Retail Properties, LLC*, 83 F. Supp. 3d at 984.

## B. Law Governing Plaintiff's First Claim for Rescission of Contract

Defendants argue that Illinois law governs plaintiff's first claim for rescission of contract because the contract contains a choice-of-law provision that demonstrates that "the parties clearly intended for Illinois law to govern the relationship between them." Defs.' Reply in Supp. of Defs.' Mot. to Dismiss 4, 6. Moreover, defendants argue that this court has already found that "Illinois law governs 'all questions relating to the validity and operation of' the contract" and

5 – FINDINGS AND RECOMMENDATION

because plaintiff seeks to rescind the contract based on an alleged frustration of the primary purpose of the contract, plaintiff's first claim "clearly invokes a question regarding the validity or operation of the contract." *Id.* at 4-5 (quoting Doc. 59 at 12).

Plaintiff argues that Oregon law applies to its first claim because a rescission claim based on frustration of purpose does not relate to the "validity" of the contract. Pl.'s Opp'n to Defs.' Mot. to Dismiss 7. Moreover, at the oral argument on March 15, 2016, plaintiff argued that pursuant to Or. Rev. Stat. 15.350, its claim based on frustration of purpose does not relate to the "operation" of the contract and, thus, "the terms regarding governing law stated in the contract would have no influence on [its] rescission claim." Pl.'s Opp'n to Defs.' Mot. to Dismiss 7.

Plaintiff also argues that because "the mutually understood primary purpose of the contract was substantially frustrated by the failure of [defendants] to install and implement a usable TIER software product in [its] computer system," "under frustration of purpose and rescission, the contract and its validity are not analyzed at all" and, instead, "[t]he contract simply falls away and the moving party is restored to its position prior to entering into the contractual relationship." *Id.*; Pl.'s First Am. Compl. ¶ 13. Plaintiff argues that the rationale for both arguments is "stated best" in *Bennett v. Baugh*, 154 Or. App. 397 (1997), which held that "'if a party successfully avoids contractual responsibility under a rescission theory, the terms of the abrogated contract have no influence whatever upon the **subsequent** determination of the rights of the parties or the adjustment of matters growing out of it.'" *Id.* (quoting *Bennett*, 154 Or. App. at 402) (emphasis supplied by the court). This court finds plaintiff's argument unpersuasive.

Here, Plaintiff cites *Bennett* for the proposition that the contract, as well as the included choice-of-law provision, simply fall away and are not analyzed at all at this stage of the

6 – FINDINGS AND RECOMMENDATION

proceedings. However, *Bennett* is distinguishable from this case. In *Bennett*, the court found that where a party prevails on a general verdict after espousing the affirmative defenses of rescission, estoppel, and undue influence, that party cannot subsequently argue that the verdict could not have been based on rescission. *Bennett*, 154 Or. App. at 403. The court in *Bennett* found that under such circumstances, after a plaintiff prevails on a rescission claim, the terms of the contract no longer have any influence on a party's rights. *Id.* Here, however, plaintiff has not prevailed on a rescission claim. Rather, plaintiff has merely pled a claim for rescission. Consequently, the holding in *Bennett* is inapposite and provides no basis for the court to disregard the terms of the contract, including its choice-of-law provision, when analyzing plaintiff's rescission claim.

Also unpersuasive is plaintiff's argument that pursuant to Or. Rev. Stat. 15.350, Oregon law informs the operation of the contract. Or. Rev. Stat. 15.350 expressly states that "the contractual rights and duties of the parties are governed by the laws that the parties have chosen" and "the choice of law must be express or clearly demonstrated from the terms of the contract." Or. Rev. Stat. 15.350. Here, Section I, Paragraph 11.3 of the 2006 contract states that '[a]ll questions concerning the validity and operation of this contract shall be governed by the laws of the State of Illinois." Defs.' Mot. to Dismiss Pl.'s First Am. Compl., Ex. A at 6. Thus, the terms of contract clearly demonstrate the parties' clear intent to be bound by Illinois law. Accordingly, this court finds again, as it did previously in its Findings and Recommendation of May 5, 2015, that because the parties clearly intended Illinois law to govern their contractual relationship, as demonstrated by the unambiguous choice-of-law provision included in the contract, the court will not frustrate the parties' original intentions by assessing their contractual relationship under Oregon law. Doc. 59 at 7-8, 12 (quoting *Capital One Bank v. Fort*, 242 Or. App. 166, 171

7 – FINDINGS AND RECOMMENDATION

(2011) under Oregon law, there is a "foundational premise that the intention of the parties to a contract controls a courts interpretation of it."). As such, this court finds that both of plaintiff's claims are governed by Illinois law.

## II.    Defendants' Motion to Dismiss

Defendants argue that plaintiff's first claim fails to allege all the required elements of a rescission of contract claim under Illinois law because under Illinois law, to successfully plead a claim for rescission of contract, a plaintiff must plead facts that establish that both parties can be restored to the *status quo ante* and here, plaintiff "does not allege that the defendants can be returned to the *status quo ante*." Defs.' Mot. to Dismiss Pl.'s First Am. Compl. 2. Defendants also argue that plaintiff's first claim fails because "a party may not rescind a contract after said party has affirmed the contract and sued for damages" and plaintiff "indisputably affirmed the contract by filing its original complaint suing for breach of contract but failing to seek rescission of the contract." Defs.' Reply in Supp. of its Mot. to Dismiss Pl.'s First Am. Compl. 7. Finally, defendants argue that even if Oregon law governs, plaintiff's first claim still fails because it does not allege that an event occurred that made performance impossible or that there was a mistake that destroyed the purpose of the contract as Oregon law requires. *Id.* at 7-10.

Plaintiff argues that rescission of contract is appropriate here because all elements of frustration of purpose under Oregon law are present. Pl.'s Opp'n to Defs.' Mot. to Dismiss Pl.'s First Am. Compl. 5. Specifically, plaintiff argues that: (1) the primary purpose of the contract was for the use of the software license; (2) the primary purpose was mutually understood; (3) errors and defects from 2009, which defendants were aware of and failed to fully inform plaintiff of, "made the system essentially corrupted so that it would never have functioned, no matter how much [defendants] worked to try to fix [the] errors"; and (4) the frustration was the result of

8 – FINDINGS AND RECOMMENDATION

circumstances the parties mutually assumed would not occur. *Id.* at 6. Moreover, at the oral argument on March 15, 2016, plaintiff argued that pursuant to the holding in *Evergreen West Business Center, LLC, v. Emmert*, 354 Or. 790 (2014), its decision to initially sue under only a breach of contract theory does not preclude it from bringing its rescission claim now.

To state a cause of action for rescission of contract under Illinois law, a plaintiff must allege facts which establish that: (1) there has been a substantial nonperformance or substantial breach by another party; and (2) "the parties can be placed in the *status quo ante*." *Wilkonson v. Yovetich*, 249 Ill. App. 3d 439, 446; 618 N.E.2d 1120, 1125 (1st Dist. 1993) (internal citations omitted) (see also *Puskar v. Hughes*, 179 Ill. App. 3d 522, 528; 533 N.E. 2d 962, 966 (2d Dist. 1989) Under Illinois law, "[r]escission is an equitable doctrine, and a party seeking rescission must restore the other party to the status quo existing at the time the contract was made.") "The failure of the plaintiffs to establish that the equitable remedy sought is appropriate under the circumstances may operate to defeat their claim in equity." *Wilkonson*, 249 Ill. App. 3d at 446 (citing *Luciani v. Bestor*, 106 Ill. App. 3d 878, 882; 436 N.E. 2d 251, 255 (3rd Dist. 1982)). However, a plaintiff need only "show[] that restitution [is] possible and describe[] how it could be done. Nothing more is required at the pleading stage." *Horowitz v. Sonnenschein Nath and Rosenthal, LLP*, 399 Ill. App. 3d 965, 975; 926 N.E. 2d 934 (1st Dist. 2010).

Here, as stated above, Illinois law governs the parties' contractual relationship. Accordingly, plaintiff's reliance on *Evergreen West Business Center*, an Oregon case, for the proposition that suing initially under only a breach of contract theory does not preclude it now from bringing its rescission claim, is misplaced. However, defendants also fail to cite any Illinois law to support their assertion that plaintiff's rescission claim should be precluded because it affirmed the contract by suing only for breach of contract initially. Moreover, this

9 – FINDINGS AND RECOMMENDATION

court can find no such law to support defendants' assertion. Accordingly, because plaintiff's motion (Doc. 67) for leave to file its First Amended Complaint was unopposed by defendants, and because this court placed no restrictions on the nature of the claims plaintiff could bring in its First Amended Complaint when it granted plaintiff's unopposed motion for leave to file its First Amended Complaint, Doc. 69, this court finds that plaintiff's first claim for rescission of contract is not precluded now simply because plaintiff failed to raise the claim initially.

However, while plaintiff's claim for rescission is not precluded for the reasons stated above, it nevertheless fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp.,* 550 U.S. at 570. Specifically, although plaintiff's First Amended Complaint alleges facts that could possibly establish that there has been a substantial nonperformance or breach by defendants when the complaint is liberally construed in favor of plaintiff and when plaintiff's allegations are taken as true, *Rosen,* 719 F.2d at 1424, plaintiff's First Amended Complaint fails to establish that **both** parties can be returned to the *status quo ante.* Rather, plaintiff's First Amended Complaint asserts only that it could be restored to the *status quo ante* if defendants: (1) disgorge the money plaintiff allegedly paid them for the TIER software; (2) pay plaintiffs for the time plaintiff allegedly spent performing its obligations under the contract; (3) pay for computer hardware purchases it made that became obsolete or unusable as the result of defendants' alleged failure to deliver the software; and (4) pay interest at the rate of $129.58 per day. Pl.'s First. Am. Compl. ¶ 18. In sum, plaintiff's first claim demands a judgment in the sum of $1,320,488.03, plus interest, Pl.'s First. Am. Compl. 4, but makes no argument for how this payment would also restore defendants to the *status quo ante.*

As such, plaintiff has failed to show that restitution is possible for it, as well as defendants, and has also failed to describe how restitution could be done. *Horowitz,* 399 Ill.

10 – FINDINGS AND RECOMMENDATION

App. 3d at 975.   Thus, plaintiff has failed to allege sufficient facts to meet the second prerequisite for a claim of rescission under Illinois law, *Wilkonson*, 249 Ill. App. 3d at 446, and, therefore, defendants' motion to dismiss plaintiff's first claim should be granted.

## CONCLUSION

For the reasons stated above, defendants' motion (Doc. 70) to dismiss the first claim of plaintiff's First Amended Complaint should be granted.

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. The Findings and Recommendation will be referred to a district judge. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment of appealable order. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.   Failure to timely file objections to any factual determination of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this $\underline{2O}$ day of March, 2016.

THOMAS M. COFFIN
United States Magistrate Judge

11 – FINDINGS AND RECOMMENDATION