IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SERENITY LANE, an Oregon corporation | Civ. No. 6:14-cv-00038-TC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| NETSMART TECHNOLOGIES, INC., a Delaware corporation; and SEQUEST TECHNOLOGIES, Inc., an Illinois corporation, | |
| Defendants. | |

COFFIN, Magistrate Judge:

    Defendants, Netsmart Technologies, Inc. (Netsmart), and Sequest Technologies, Inc. (Sequest), move for summary judgment or in the alternative, for partial summary judgment. (Doc. 85). Having considered the motions and related materials, defendants' motion for summary judgment is denied and defendants' motion in the alternative for partial summary judgment is granted.

1 – OPINION AND ORDER

## BACKGROUND

The underlying dispute in this case arose out of an agreement between plaintiff and Sequest, whereby Sequest agreed to provide plaintiff with totally integrated electronic medical record (TIER) software customized for plaintiff's use. Pl.'s First Am. Compl., 2-3. Sequest was then acquired by Netsmart in October 2011. *Id.* at 2. Plaintiff alleges that it paid defendants $518,308.41 for the development, licenses, and customization of the TIER software and that defendants breached the agreement by failing to deliver the TIER software. *Id.* On January 8, 2014, plaintiff filed a Complaint with this court stating that defendants now owe it the obligations of Sequest under the agreement. Pl.'s Compl. 2. Plaintiff's Complaint made four claims for relief.

Plaintiff's first claim for relief sought damages of $518,308.41 for the TIER software it claims was never delivered, $654,242 for time it spent performing its obligations under the agreement, $147,937.61 for computer hardware purchases that became obsolete or unusable as the result of defendants' alleged failure to deliver the software, and prejudgment interest. *Id.* at 3. Plaintiff's second claim asserted that defendants violated the Uniform Commercial Code (UCC). *Id.* Plaintiff's third claim sought a declaration from this court stating that it was not bound to the 2006 contract because the TIER software was never delivered or received. *Id.* at 4. Plaintiff's fourth claim asserted that in the alternative, if the court declared that it was bound to the contract, pursuant to the terms of the contract, the TIER software was not subject to repair or replacement and defendants were, therefore, obligated to refund the amount plaintiff paid them for the TIER software in the sum of $518,308.41, plus prejudgment interest. *Id.* at 5.

Defendants filed a Motion to Dismiss (Doc. 32) on May 15, 2014, followed by a Renewed Motion to Dismiss (Doc. 44) on January 15, 2015, to which this court entered its

Findings and Recommendation on May 15, 2015, recommending that defendants' motion be granted in part and denied in part. Doc. 59 at 1. Specifically, this court found that: (1) because "defendants delivered at least some Sequest computer software that plaintiff installed, tested, and accessed through defendants' FTP site, there is no question of fact regarding whether the TIER software product was delivered and received" and, therefore, pursuant to Article I, Section 1.5 of the 2006 contract, the contract is binding on both parties; (2) the UCC does not apply; (3) Illinois law governs all questions regarding the validity and operation of the contract; and (4) plaintiff's claims for incidental and consequential damages, as well as prejudgment interest, should be dismissed. *Id.* at 8, 19-20. In sum, this court concluded that plaintiff's first, second, and third claims, as well as its demand for prejudgment interest in its fourth claim, should be dismissed. *Id.* at 19-20. On June 22, 2015, District Judge Michael McShane adopted this court's Findings and Recommendation in full. Doc. 63.

Plaintiff filed its First Amended Complaint (Doc. 68) on September 1, 2015, asserting two claims against defendants. Plaintiff's first claim sought rescission of the contract and damages of $518,308.41 for money it paid defendants for the development, licenses, and customization of the TIER software, $654,242 for the time it spent performing its obligations under the contract, $147,937.61 for computer hardware purchases that became obsolete or unusable as the result of the "frustration of the contract's primary purpose," and interest of $129.58 per day. Pl.'s First Am. Compl. 3. Plaintiff's second claim, which was brought in the alternative, was for breach of contract and sought $518,308.41 in damages for money it paid defendants for the development, licenses, and customization of the TIER software, plus costs and disbursements. *Id.* at ¶ 8. On September 18, 2015, defendants moved to dismiss the first claim from plaintiff's First Amended Complaint. Defs.' Mot. to Dismiss Pl.'s First. Am. Compl. 2.

3 – OPINION AND ORDER

This court entered its Findings and Recommendation on March 20, 2016, recommending that defendants' Motion to Dismiss the first claim from plaintiff's First Amended Complaint should be granted. Doc. 81. On April 13, 2016, this court's Finding and Recommendation was adopted by District Judge Michael McShane and plaintiff's first claim for rescission in its First Amended Complaint was dismissed. Doc. 83. Accordingly, a single claim for breach of contract seeking a refund of the $518,308.41 plaintiff paid to defendants for the development, licenses, and customization of the TIER software remained in plaintiff's First Amended Complaint. Pl.'s First Am. Compl. 4. On October 13, 2016, defendants filed the instant Motion for Summary Judgment that is presently before this court. Doc. 85.

## STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the moving party fulfills its burden, the burden shifts to the nonmoving party who must go beyond the pleadings to identify genuine issues of fact. *Celotex Corp.*, 477 U.S. at 324. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Fed.R.Civ.P. 56,

4 – OPINION AND ORDER

designate specific facts that show there is a genuine issue for trial. *Devereaux,* 263 F.3d at 1076.

The court must view the evidence in the light most favorable to the nonmoving party. *Szajer v. City of Los Angeles,* 632 F.3d 607, 610 (9th Cir. 2011). All reasonable doubt as to the existence of a genuine dispute of material fact should be resolved against the moving party. *Hector v. Wiens,* 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of North America,* 638 F.2d 136, 140 (9th Cir. 1981). However, facts must be "viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris,* 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

## DISCUSSION

Defendants argue that summary judgment should be entered in their favor because plaintiff is not entitled to a refund of any of the fees it paid for the development, licenses, and customization of the TIER software because plaintiff prematurely terminated the contract and refused to accept the remedies offered to it in accordance with the Limited Warranty provision of the contract. Defs.' Mot. for Summary J. 2, 10. Defendants specifically argue that pursuant to the Limited Warranty provisions at Article I, Sections 4.5 and 6 of the contract, the $135,000 license fee plaintiff paid for the TIER software is non-refundable and pursuant to Article II, Section 3.2 and Article III, Section 5.3 of the contract, the fees plaintiff paid for services and annual support are non-refundable. *Id.*

Defendants also argue in the alternative that if this court denies their Motion for Summary Judgment, pursuant to the Limitation of Liability clause at Article I, Section 8.1 of the

5 – OPINION AND ORDER

contract, plaintiff cannot recover any damages beyond the license fee it paid for the TIER software and an order of partial summary judgment limiting plaintiff's recovery to the $135,000 license fee plaintiff paid for the TIER software should be entered in their favor. *Id.* at 19-20.

Plaintiff argues that defendants' Motion for Summary Judgment should be denied because the Limited Warranty clause at Article I, Section 6 of the contract, which states that the license fee that plaintiff paid to defendants for the TIER software is "non-refundable," is ambiguous because what constitutes a "refund" is not defined in the contract. Pl.'s Opp'n to Defs.' Mot. for Summary J. 6-7. Plaintiff argues that the definition of a "refund" from Black's Law Dictionary should control and that it be construed narrowly by this court because to read the proposed definition broadly "would effectively leave [it] without a remedy in this case." *Id.*

Plaintiff also argues that defendants' Motion for Summary Judgment should be denied because it never received the TIER software product, "but instead only received untimely TIER modules and developments." *Id.* at 3. Plaintiff asserts that "the contract did not anticipate a scenario where defendants would fail to perform their obligations to tender a completed product for nearly seven years," rather, the contract "contemplate[d] and outline[d] remedies for defects in a completed product." *Id.* at 2. Plaintiff further asserts that because defendants "have failed to provide the TIER software product customized for [its] purposes," "the TIER software product is not subject to repair or replacement by [defendants and] pursuant to the terms of the agreement, [defendant] is obligated to refund the amount paid to [them] for the TIER software product in the sum of $518,308.41." Pl.'s First Am. Compl. ¶¶ 21-22.

Finally, plaintiff argues that defendants' motion in the alternative limiting its damages to the $135,000 it paid defendants for the TIER software licenses pursuant to the Limitation of Liability clause at Article I, Section 8.1 of the contract should be denied because "that provision

6 – OPINION AND ORDER

appears only in Article I of the contract" and "based on the structure of the contract, the best interpretation of this provision is that it refers only to claims of breach of Article I of the contract." *Id.* at 12-13.

The contract entered into by the parties states that "the fees for this contract are non-refundable," Decl. of Gregory Snyder in Supp. of Defs.' Mot. for Summary J. (Snyder Decl.) Ex. 1, at Art. II, § 3.2, "the support fee is a prepaid non-refundable and non-prorated fee," *id.* at Art. III, § 5.3, and "the license fees are non-refundable subject to the Limited Warranty remedy provisions." *Id.* at Art. I, § 4.5.

The Limited Warranty remedy provisions of the contract state that "[defendants] warrant[] that the TIER software product (a) is **free from defects in materials and workmanship that materially affects the use** for a period of ninety (90) days from the TIER Software product client installation date, and (b) **will perform in material conformity** with the then-current documentation for the TIER software product." *Id.* at Art. I, § 6.1 (emphasis supplied). The contract further states that plaintiff's "exclusive remedy in the event of any breach of the foregoing warranty shall be at [defendants'] sole option, either (a) a refund of the amount paid for the TIER software product, or (b) repair the defect or remedy the nonconformance within sixty (60) days, or (c) replace the TIER software product with a new original copy free from defects in materials and workmanship." *Id.* at Art. I, § 6.2.

The contract also provides a disclaimer stating:

EXCEPT AS EXPRESSLY SET FORTH HEREIN, [DEFENDANTS] HEREBY DISCLAIM[] ALL WARRANTIES, EXPRESS, IMPLIED, AND STATUTORY, IN CONNECTION WITH THE TIER SOFTWARE PRODUCT AND ANY ACCOMPANYING DOCUMENTATION, INCLUDING WITHOUT LIMITATION THE IMPLIED WARRANTIES OF MERCHANTABILITY, NON-INFRINGEMENT OF THIRD-PARTY RIGHTS AND FITNESS FOR A PARTICULAR PURPOSE.

7 – OPINION AND ORDER

*Id.* at Art. I, § 6.5 (emphasis in original).

Finally, a Limitation of Liability clause in the contract states that "**IN NO EVENT** WILL [DEFENDANTS'] LIABILITY EXCEED THE AMOUNT PAID BY CLIENT FOR THE TIER SOFTWARE PRODUCT LICENSE FEE." *Id.* at Art. I, § 8.1 (emphasis supplied).

Under Illinois law, "[c]onstruing a contract is a matter of law suitable for summary judgment." *Continental Mobile Telephone Co. v. Chicago SMSA Limited P'ship*, 225 Ill. App. 3d 317, 322 (1st Dist. 1992). "A court may not rewrite a contract to suit one of the parties, and when the terms are clear and unambiguous, they must be enforced as written." *Id.* (*see also O'Shield v. Lakeside Bank*, 781 N.E.2d 1114, 1119 (Ill. App. Ct. 2002) (under Illinois law "[w]here a contract is unambiguous, its express provisions govern and its language, as a whole, is to be given its plain and ordinary meaning.").

Here, this court finds unpersuasive plaintiff's argument that the term "non-refundable" as it is used in the contract is ambiguous because plaintiff relies on the root of that term, "refund," in its Amended Complaint without providing further explanation or supplying a definition for the term there. (*See* Plaintiff's Amended Complaint at ¶ 22 "Netsmart is obligated to refund the amount paid to it for the TIER software product . . . ."). Accordingly, it does not follow that this court should adopt plaintiff's extrinsic supplemental definition for the term "refund" as it applies to the contract, when plaintiff itself relied on the common usage of the term "refund" in its Amended Complaint without providing further clarification of the term there. As such, this court finds that the term "non-refundable" as it is used in the contract is clear and unambiguous and enforces the term as it was written in the contract. *Continental Mobile Telephone Co.*, 225 Ill. App. 3d at 322; *O'Shield*, 781 N.E.2d at 1119.

///

8 – OPINION AND ORDER

Next, the court finds unpersuasive plaintiff's argument that it never received the TIER software product. As noted above, this court has already found previously that there is no question of fact regarding whether the TIER software product was delivered and received. Accordingly, plaintiff's assertion here that the TIER software was never delivered or received fails. However, this court finds that a question of material fact exists regarding plaintiff's assertion that it "only received untimely TIER modules and developments," such that the remedies delineated in the Limited Warranty remedy provisions at Article I, Section 6.2 of the contract are the exclusive remedies available to plaintiff.

This conclusion is supported by defendants' Motion for Summary Judgment, where defendants note that "After entering into the contract [in 2006], plaintiff and defendants worked together for almost seven years to collaboratively customize, develop, and test the software," then, "at the end of September 2013, plaintiff and defendants agreed to begin beta testing of the customized versions of the TIER software, even though **the development was not completed and there were still known bugs and issues**." Defs.' Mot. for Summary J. at 5-7 (emphasis supplied). Defendants further note that on October, 30, 2013, the day after the first beta test was completed, "plaintiff officially abandoned the development and implementation of the customized TIER software . . . **based on the errors reportedly experienced by plaintiff** during its tests on October 29" and for this reason, "on November 21, 2013, plaintiff informed defendants that it was terminating the contract." *Id.* at 7-9.

Accordingly, because the Limited Warranty remedy provision of the contract requires delivery of a TIER software product that would perform in material conformity with the then-current documentation for the TIER software product and that was free from defects in materials and workmanship that would materially affect its use in order for the exclusive remedies to

9 – OPINION AND ORDER

apply, and defendants themselves assert that the development of the TIER software product "was not completed" and still had "known bugs and issues" seven years after the contract was entered into, and that plaintiff terminated the contract shortly thereafter due to "errors reportedly experience by plaintiff," this court finds that the evidence is such that a reasonable jury could return a verdict for plaintiff on this issue. As such, a material factual issue exists for trial and summary judgment is not appropriate. *Anderson*, 477 U.S. at 248; *Warren*, 58 F.3d at 441. Defendants' Motion for Summary Judgment is denied.

Finally, the court finds unpersuasive plaintiff's argument that the Limitation of Liability clause at Article I, Section 6.5 of the contract refers only to claims of breach of Article I of the contract. The Limitation of Liability clause specifically states that "in no event" will defendants' liability exceed the amount paid by plaintiff for the TIER software product license fee, which here was $135,000. Moreover, the Limitation of Liability clause is consistent with the remainder of the contract that precludes plaintiff's recovery of fees beyond that which it paid defendant for the software license fee. Specifically, as noted above, Article III, Section 5.3 of the contract states that "the support fee is . . . non-refundable" and Article I, Section 4.5 states that "the license fees are non-refundable subject to the Limited Warranty remedy provisions." Accordingly, it does not follow that the parties intended the Limitation of Liability clause to allow plaintiff to recover damages beyond what it spent on the TIER software license fee, when other sections of the contract specifically preclude plaintiff's recovery of those fees.

Accordingly, this court applies the clear and unambiguous terms of the Limitation of Liability clause at Article I, Section 6.5 of the contract to limit defendants' liability to the $135,000 plaintiff paid for the TIER software product license fee. As such, defendants' motion

in the alternative, limiting plaintiff's damages to the $135,000 plaintiff paid for the TIER software product license fee, is granted.

## CONCLUSION

For the reasons stated above, defendants' Motion for Summary Judgment is denied and defendants' motion in the alternative for partial summary judgment limiting defendants' liability to the $135,000 plaintiff paid for the TIER software product license fee is granted.

IT IS SO ORDERED.

DATED this 6th day of February, 2017.

_____
THOMAS M. COFFIN
United States Magistrate Judge